# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2020

Lyle W. Cayce
Clerk

No. 19-11393
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RALPH JAY ADAMS, *also known as* EVIL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-6-10

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Ralph Jay Adams appeals the sentence imposed for his guilty plea conviction of possession with intent to distribute methamphetamine. The Government moves to dismiss the appeal based on the appeal waiver in his plea agreement. Adams contends that the appeal waiver is unenforceable

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

because the Government violated an implied term of the plea agreement by not moving for the additional one-level credit for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

When a plea agreement "is unambiguous, this court generally will not look beyond the four corners of the document." *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013). Adams's plea agreement unambiguously contains no term obligating the Government in any way concerning credit for acceptance of responsibility or the filing of a motion under § 3E1.1(b). The plain and unambiguous language of the plea agreement is not overcome by Adams's assertions that the filing of a § 3E1.1(b) motion was an implied term during plea negotiations. *See id.* Adams has not shown that the appeal waiver is unenforceable due to a breach of the plea agreement by the Government.

His alternative argument that he did not enter into the plea agreement knowingly and voluntarily also is unavailing. Adams indicated in the plea agreement and at rearraignment that the plea agreement was a complete statement of the parties' agreement, the plea agreement superseded any other promises and representations by the parties, he was not pleading guilty based on any promises outside of the plea agreement, and he fully understood the plea agreement and accepted it voluntarily. *See United States v. McClure*, 854 F.3d 789, 793, 797 (5th Cir. 2017); *Long*, 722 F.3d at 264. Lastly, Adams is incorrect that the Government failed to dispute his assertions in the district court about its obligation to file a § 3E1.1(b) motion, as the Government contended in the district court that it retained the discretion to decide whether to file a § 3E1.1(b) motion.

Adams has not shown that the appeal waiver is unenforceable or that the challenges he seeks to make to his sentence fall within an exception to the appeal waiver. Accordingly, the Government's motion is GRANTED, and the appeal is DISMISSED.